**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
E-Mail: John.Haubrich@lewisbrisbois.com
TIFFANY H. ROUHI, SB# 315948
E-Mail: Tiffany.Rouhi@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
First IC Bank erroneously sued as First Intercontinental Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEE YEON SEUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST INTERCONTINENTAL BANK, a Georgia Corporation; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) and (b) [FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant First IC Bank ("Defendant"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, based on federal question and diversity jurisdiction, and in furtherance of this removal asserts:

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ARE PROPER .......... 7
STATUS OF THE PLEADINGS .......... 7
THE NOTICE OF REMOVAL IS TIMELY .......... 8
FEDERAL QUESTION JURISDICTION EXISTS .......... 8
DIVERSITY JURISDICTION EXISTS .......... 9
THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED .......... 10
JURY VERDICTS OF SIMILAR EMPLOYMENT CLAIMS .......... 14
ARE PROPERLY CONSIDERED EVIDENCE .......... 14
THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED .......... 16
CONCLUSION .......... 17
DEMAND FOR JURY TRIAL .......... 17

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4884-7984-7232.1
2
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) and (b)
[[FEDERAL QUESTION AND DIVERSITY]

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Aucina v. Amoco Oil Co.*,
871 F. Supp. 332 (SD. Iowa 1994) .......... 13

*Ayala v. Cox Auto*,
No. CV 16-06341-GHK(ASx), 2016 U.S. Dist. LEXIS 153617 (C.D. Cal. Nov. 4, 2016) .......... 9

*Conrad Assocs. v. Hartford Accident & Indemn. Co.*.
994 F. Supp. 1196 (N.D. Cal. 1998) .......... 10

*Egan v. Premier Scales & Sys.*,
237 F. Supp. 2d 774 (W.D. Ky. 2002) .......... 12

*Fritsch v. Swift Transportation Co. of Ariz.*,
LLC, 889 F.3d 785 (9th Cir. 2018) .......... 13

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) .......... 11, 12

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) .......... 13

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) .......... 11

*Hertz Corp. v. Friend*
559 U.S. 77 (2010) .......... 9

*Hunt v. Washington State Apple Advert. Comm'n*,
432 U.S. 333 (1977) .......... 12

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .......... 9

*Lew v. Moss*
797 F.2d 747 (9th Cir. 1986) .......... 9

*Molnar v. 1-800 Flowers.com, Inc.*,
No. 08-CV-0542-CAS-7Cx, 2009 WL 481618 (C.D. Cal. Feb 23, 2009) .......... 12

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) .......... 10

*Richmond v. Allstate Ins. Co.*,
897 F. Supp. 447 (S.D. Cal. 1995) .......... 13

*Simmons v. PCR Tech*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) .......... 10, 13, 14

*Singer v. State Farm Mut. Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) .......... 10, 11

*Soliman v. Phillip Morris, Inc.*,
311 F.3d 966 (9th Cir. 2002) .......... 10

*State Farm Mut. Auto Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) .......... 9

*Tompkins v. Basic Research LL*,
No. CIV. S08244-LKK-DAD, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008) .......... 12

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) .......... 10, 11

*Vasquez v. Arvato Digit. Servs., LLC*,
2011 U.S. Dist. LEXIS 69154 (C.D. Cal. June 27, 2011) .......... 12

**State Cases**

*Espinoza v. County of Orange*,
Case No. 30200800110643 (Cal. Super. Ct. Oct. 8, 2009) .......... 12

*Foley v. Interactive Data Corp.*,
47 Cal. 3d 564 (Cal. 1988) .......... 11

*Iwekaogwu v. City of Los Angeles*,
75 Cal.App.4th 803 (1999) .......... 12

*Parker v. Twentieth Century-Fox Film Corp.*.
3 Cal. 3d 176 (Cal. 1970) .......... 11

**Statutes**

15 U.S.C. § 78U-6h .......... 13

28 U.S.C. §§ 1331, 1332, 1441 ........ 7, 8, 17

28 U.S.C. § 1332 ........ 10

28 U.S.C. § 1332(a) ........ 10, 14

28 U.S.C. § 1332(a)(1) ........ 7, 14

28 U.S.C. § 1332(c)(1) ........ 9

28 U.S.C. § 1367(a) ........ 8

28 U.S.C. § 1441 ........ 7, 8

28 U.S.C. § 1441(a)-(b) ........ 7

28 U.S.C. § 1441(b)(1) ........ 10

28 U.S.C. § 1441(c) ........ 9

28 U.S.C. § 1446 ........ 8

28 U.S.C. § 1446(a) ........ 8

28 U.S.C. § 1446(c)(2) ........ 14

28 United States Code § 1446(d) ........ 16

California Business and Professions Code § 17200 ........ 7

California Labor Code § 204 ........ 7

California Labor Code § 226.7 ........ 7

California Labor Code § 1102.5 ........ 7

California Labor Code § 1102.5(j) ........ 13

Dodd Frank Act of 2010 15 U.S.C. § 78U-6(h) ........ 8

Fair Employment and Housing Act ........ 12

Fair Labor Standards Act, 29 U.S.C. § 201, et seq ........ 8

Sarbanes Oxley Act 18 U.S.C. § 1514(A) ........ 8, 13

Whistleblower Retaliation in Violation of Dodd Frank Act of 2010 15 USC § 78U-6(h), (5) ........................................................................ 7



**JURISDICTION AND VENUE ARE PROPER**

1. This Court may exercise jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action arises under federal law. In addition, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) as Plaintiff appears more likely than not to claim an amount in controversy that exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. This action may be removed by Defendant pursuant to 28 U.S.C. § 1441.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a)-(b) because it embraces the state court where the removed action has been pending.

**STATUS OF THE PLEADINGS**

3. On October 28, 2022, Plaintiff Jee Yeon Seung ("Plaintiff"), by and through her attorney, filed a civil action against First IC Bank erroneously sued as First Intercontinental Bank ("Defendant") in the Superior Court of the State of California for the County of Los Angeles, entitled *Jee Yeon Seung vs. First Intercontinental Bank., et al*., Case No. 22STCV34548 ("Complaint"). (Declaration of Tiffany H. Rouhi ["Rouhi Decl."] ¶ 2; Ex. 1.)

4. In the Complaint, Plaintiff asserts the following causes of action: (1) Violation of California Labor Code Section 1102.5, (2) Wrongful Termination in Violation of Public Policy, (3) Whistleblower Retaliation in Violation of Sarbanes Oxley Act 18 USC Section 1514(A), (4) Whistleblower Retaliation in Violation of Dodd Frank Act of 2010 15 USC Section 78U-6(h), (5) Failure to Provide Overtime Pay California Labor Code Section 204, (6) Failure to Provide Meal Breaks California Labor Code Section 226.7, (7) Violation of California Business and Professions Code Section 17200 (Rouhi Decl., Ex. 1.)

5. On both November 9, 2022 and November 10, 2022, Plaintiff served Defendant via substitute service and mail service, respectively. (Id. ¶ 5, Ex. 4.)

6. On December 7, 2022, Defendant First IC Bank filed its Answer to the Complaint. (Rouhi Decl. ¶ 6; Ex. 5.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

7. Pursuant to 28 U.S.C. § 1446(a), Exhibits 1 to 6 to the Declaration of Tiffany H. Rouhi constitute all process, pleadings, and orders that have been filed in the state court action.

**THE NOTICE OF REMOVAL IS TIMELY**

8. This Notice of Removal is timely filed within 30 days after service of the Complaint on Defendant. Therefore timely under 28 U.S.C. Section 1446.

**FEDERAL QUESTION JURISDICTION EXISTS**

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action of which the district courts have original jurisdiction, as it contains claims arising under the Constitution, laws, or treaties of the United States (without regard to the citizenship or residence of the parties).

10. Specifically, Plaintiff's Complaint asserts whistleblower retaliation in violation of both the Sarbanes Oxley Act 18 U.S.C. Section 1514(A) and Dodd Frank Act of 2010 15 U.S.C. Section 78U-6(h).

11. In addition, Plaintiff cites the Fair Labor Standards Act, 29 U.S.C. §201, et seq, to support her cause of action for failure to provide overtime wages. (See, Rouhi Decl., Ex. 1, Complaint ¶ 46-47.) Plaintiff's other causes of action and basis for relief asserted in this action arise out of the same set of facts and are part of the same case and controversy involving alleged violations of Wrongful Termination in Violation of Public Policy and the California Labor Code. Any remaining claims or causes of action in the Complaint are so related to the aforementioned claims or causes of action within original jurisdiction that they form part of the same case or controversy. As such, this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a). Even in the event a claim or cause of action is deemed to be non-removable because it is not within the original or supplemental jurisdiction of the district court or has been made non-removable by statute, the entire

action is still removable under 28 U.S.C. § 1441(c).

**DIVERSITY JURISDICTION EXISTS**

12. Plaintiff is a citizen of California. A natural person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*. at 857. It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Ayala v. Cox Auto*, No. CV 16-06341-GHK(ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew v. Moss* 797 F.2d 747, 751 (9th Cir. 1986). Here, the Complaint alleges that Plaintiff "is an individual residing in the State of California, County of Los Angeles." (Complaint ¶ 1). In addition, throughout Plaintiff's employment with Defendant, her physical home address on file was in Arcadia, California. (Declaration of Edward Briscoe ["Briscoe Decl."] ¶ 5.) Therefore, Plaintiff is a citizen of California.

13. Defendant has at all times been a corporation incorporated under the laws of the State of Georgia, with its principal place of business in Georgia State. (Briscoe Decl. ¶ 4.) Under 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." A corporation's principal place of business is the "nerve center… from which its officers direct, control, and coordinate all activities without regard to locale, in the furtherance of the corporate objective." *Hertz Corp. v. Friend* 559 U.S. 77, 90 (2010). At all relevant times, Defendant's principal place of business and corporate headquarters have been located in Doraville, Georgia. (Briscoe Decl. ¶ 4.) Defendant's high-level corporate officers and executives, who are responsible for overseeing Defendant's activities, are located at its headquarters in Doraville, Georgia. (*Id.*) Accordingly, all of Defendant's primary, executive,

administrative, financial, policymaking, and management functions are performed in the State of Georgia. (*Id*.) Thus, Defendant is a citizen of Georgia State.

14. For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); see *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). To Defendant's knowledge, no other defendant(s) have been either named or served in this action. Doe Defendants designated 1 to 100 are fictitious, are not parties to this action, have not been served, and, thus, are of no consequence for purposes of this removal. (Rouhi Decl. ¶ 7.) See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

15. Because Plaintiff and Defendant are neither citizens nor residents of the same state, complete diversity between the parties exists.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

16. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interests and costs.

17. A defendant need only establish by preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum has been met, the Court should consider all recoverably damages, including compensatory damages, attorneys' fees, statutory penalties, and punitive damages. See *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

18. The amount in controversy may be satisfied based on the allegations in the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a defendant may use the allegations in the complaint to establish the amount in controversy); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*. 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). A defendant may also provide "summary-judgment-type evidence related to the amount in controversy at the time of removal," such as

declaration. *Valdez*, 372 F.3d at 1117 (9th Cir. 2004) (internal quotations omitted); *Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded [the jurisdictional minimum]").

19. This is an action which includes causes of action for wrongful termination and retaliation through which Plaintiff seeks economic damages, emotional distress damages, attorneys' fees, exemplary damages, and punitive damages. (See Complaint, Prayer For Relief). If Plaintiff were to prevail at trial, she would be entitled to back pay, which is compensation in the amount she would have received but for the adverse employment action, less sums obtained by mitigation, through the date of trial. *Parker v. Twentieth Century-Fox Film Corp.*. 3 Cal. 3d 176, 181 (Cal. 1970). Plaintiff would also be entitled to front pay, which provides compensation based on what Plaintiff would have earned from her employment after trial. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 564, 692 (Cal. 1988).

20. At the time of Plaintiff's separation of employment on August 11, 2022, she earned a yearly salary of $68,250. (Briscoe Decl., ¶ 5.) While Defendant denies Plaintiff is entitled to recover any damages, assuming *arguendo*, that Plaintiff is awarded back pay from August 11, 2022 (the date of her separation of employment with Defendant) through December 2023 (approximately one year from the date of removal), Plaintiff's back pay award could be at least $91,000 ($5,687.50 per month ($68,250/12 months) X 16 months).

21. In addition, Plaintiff seeks future economic damages. (Rouhi Decl., ¶ 2, Ex. 1, ¶ 38, 44, , and Prayer for Relief.) Conservatively estimating a front pay award of one year would total an additional $68,250.00. Consequently, a reasonable estimate of Plaintiff's potential award of back and front pay totals approximately $159,250.00, which on its own exceeds the $75,000 amount in controversy requirement.

22. Attorneys' fees should also be considered part of the amount in controversy and would further increase this sum well above the $75,000 threshold. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S*

*v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. See *Molnar v. 1-800 Flowers.com, Inc.*, No. 08-CV-0542-CAS-7Cx, 2009 WL 481618, at *5 (C.D. Cal. Feb 23, 2009) ("fair estimate of attorneys' fees in this action is 25% of compensatory damages"); *Tompkins v. Basic Research LL*, No. CIV. S08244-LKK-DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund). According to this benchmark rate, attorneys' fees would increase the amount in controversy here by at least $110,264.42 ($441,057.69 x 25%).

23. In addition to lost wages and other economic damages, Plaintiff alleges that she suffers from "pain and mental anguish and emotional distress." (Rouhi Decl., ¶ 2, Ex. 1, ¶¶ 37, 43, and Prayer for Relief.) In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, and attorneys' fees. See *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347-348 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998). Indeed, courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement. See *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (in an employment case where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement"); *Vasquez v. Arvato Digit. Servs., LLC*, 2011 U.S. Dist. LEXIS 69154 at **10-11 (C.D. Cal. June 27, 2011) (citing *Espinoza v. County of Orange*, Case No. 30200800110643, at *1 (Cal. Super. Ct. Oct. 8, 2009) where an Orange County jury awarded the plaintiff $500,000 in emotional distress damages against his employer); *Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803, 820-821 (1999) (affirming judgment, including jury award of $450,000 in emotional distress damages for violations of the Fair Employment and Housing Act).

Accordingly, although Defendant denies that Plaintiff suffered emotional distress, if she were to prevail and establish such injuries, her damages for emotional distress alone could well exceed the jurisdictional minimum.

24. Plaintiff also requests an unspecified amount of punitive damages. (Rouhi Decl., ¶ 2, Ex. 1, Prayer for Relief.) In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-946 (9th Cir. 2001). California juries have returned verdicts with substantial punitive damage awards in employment actions. See *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (SD. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].") see also *Simmons* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdicts to establish amount in controversy).

25. Plaintiff also seeks payment of her attorney's fees. Attorneys' fees, including future attorneys' fees, must be included in the amount in controversy. (*Dias*, 2021 U.S. Dist. LEXIS 108200 at *25 (citing *Fritsch v. Swift Transportation Co. of Ariz.*, LLC, 889 F.3d 785, 788, 793-94 (9th Cir. 2018)). Some of Plaintiff's claims under provide Plaintiff with her attorneys' fees and costs. For instance, California Labor Code section 1102.5(j), 18 U.S.C. section 1514A, 15 U.S.C. section 78U-6h, and failure to provide overtime provide for attorneys' fees. See *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (in determining the amount of controversy, attorneys' fees are included "if recoverable by statute or contract.") Conservatively assuming that Plaintiff's counsel charges $350 per hour, attorneys' fees would total $87,500 after 250 hours of work. Even assuming the most conservative figure of 100 hours, at $350 per hour, Plaintiff's alleged entitlement to attorneys' fees places at least $35,000 in controversy through this damages component. (Declaration of John Haubrich, Jr. ¶ 2.)

26. Despite the fact that no specific amount of damages is demanded in Plaintiff's Complaint, the preponderance of the evidence based on the form of the foregoing allegations establishes that the amount in controversy in this instant action exceeds the amount specified by 28 U.S.C. section 1332(a). See 28 U.S.C. § 1446(c)(2).

27. In sum, although Defendant does not concede Plaintiff's claim have any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 United States Code Section 1332(a)(1).

**JURY VERDICTS OF SIMILAR EMPLOYMENT CLAIMS ARE PROPERLY CONSIDERED EVIDENCE**

28. A defendant "may introduce evidence of jury verdicts in cases involving analogous facts" to determine the amount in controversy. *Simmons, supra*, 209 F. Supp.2d at 1033-34 [finding it proper to consider evidence from various jury verdict reports to establish amount in controversy]. While not identical to the allegations asserted by Plaintiff in her Complaint, the following cases referenced are sufficiently similar for purposes of establishing the amount in controversy in this Action. Id. at 1033 [the "fact that the cited cases involve distinguishable facts is not dispositive," but "amply demonstrate the potential for large punitive [and emotional distress] damage awards"]:

a. *Steven Babyak v. Cardiovascular Systems Inc., Todd Goldberg, and Does 1 through 50*; 2017 Jury Verdicts LEXIS 1204, State of California, Superior Court for the County of Los Angeles, Case No. BC601259 (April 25, 2017). This was an employment case where Plaintiff expressed concerns to the corporate defendant's upper management about a variety of issues, which included patient safety, and violations of numerous state and federal laws, such as the Anti-Kickback Act, the

Sunshine Act and that Sarbanes Oxley-Act. Plaintiff claimed that as a result of the complaints, defendant retaliated against him and terminated him. Plaintiff was awarded $2,742,120 in economic damages and $25,142,120 in punitive damages. (See Request for Judicial Notice ("RJN"), Ex. A.)

b. *Allen Timothy Yu v. Grifols Biologicals, Inc., and Does 1 through 10*; 2017 Jury Verdicts LEXIS 15156, State of California, Superior Court for the County of Los Angeles, Case No. BC620910 (November 15, 2017). This was an employment case where Plaintiff expressed concerns to his supervisor that the company falsified documents in violation of federal regulations. Plaintiff claimed that as a result of the complaints, defendant retaliated against him and terminated his employment. Plaintiff's alleged damages included $415,129 for past economic damages, $529,421 for future economic loss, and $285,785 for emotional distress damages. The jury awarded Plaintiff $1,230,334.58. (See RJN, Ex. B.)

c. *Elise Modrovich v. The Sports Club Company, The Sports Club LA and Does 1 to 100; 2008 Jury Verdicts LEXIS 34586*, State of California, Superior Court for the County of Los Angeles, Case No. BC368938 (December 11, 2008). This was an employment case where Plaintiff expressed concerns of unpaid overtime. Plaintiff then initiated an action where she alleged retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress. Plaintiff's alleged damages included $300,000 in future noneconomic damages, $106,745 in past economic damages, $188,548 in future economic damages, $750,000 in past noneconomic damages. The jury awarded Plaintiff $ 1,345,293. (See RJN, Ex. C.)

d. *Roger J. Heath v. Catalina Pacific Concrete Co., Inc., et al*; 2003 Mealey's CA Jury Verdicts & Settlements 194, State of California, Superior Court for the County of Los Angeles, Case No. BC 234991 (July 3, 2003). This was an employment case where Plaintiff alleged wrongful termination and unpaid overtime wages. Plaintiff's pay was changed from hourly pay to salaried and he was told he

would work a 40 hour week, but could call for assistance to be relieved. Thereafter Plaintiff regularly worked over 40 hours per week, which he then complained about and was demoted. Plaintiff then resigned due to humiliated and he felt he could not handle the hard physical labor of the position. Plaintiff was awarded $1,092,149 ($30,702 for overtime; $261,447 in economic damages; $350,000 in emotional distress damages; $450,000 in punitive damages. (See RJN, Ex. D.)

29. The above jury verdicts sample the typical jury award for an employment case with similar causes of action, with a variety of plaintiffs with different earning capacities, but alleging the same economic and noneconomic injuries. In sum, even a conservative appraisal of all damages claimed by Plaintiff – compensatory damages, including lost wages, earnings, commissions, special damages, general damages, including emotional distress damages, statutory penalties, a civil penalty, punitive damages and attorneys' fees – easily establish by a preponderance of the evidence that the $75,000 threshold for the amount in controversy is met.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

30. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, wherein the action is currently pending, as required by 28 United States Code Section 1446(d). (Rouhi Decl., ¶ 8.)

31. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

32. WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

/ / /

/ / /

## CONCLUSION

WHEREFORE, Defendant respectfully requests, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, that the above-captioned action pending before the Superior Court of California, County of Los Angeles be removed to the United States District Court for the Central District of California, Western Division.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial of pursuant to Federal Rule of Civil Procedure Rule 38.

Dated:  December 9, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Tiffany H. Rouhi*
John L. Barber
John Haubrich, Jr.
Tiffany H. Rouhi
Attorneys for Defendant, First IC Bank erroneously sued as First Intercontinental Bank

