**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
   E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
   E-Mail: John.Haubrich@lewisbrisbois.com
TIFFANY H. ROUHI, SB# 315948
   E-Mail: Tiffany.Rouhi@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
First IC Bank erroneously sued as First
Intercontinental Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEE YEON SEUNG, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>FIRST INTERCONTINENTAL<br>BANK, a Georgia Corporation; and<br>DOES 1 to 100, inclusive,<br><br>                    Defendant. | Case No.<br><br>**ROUHI DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) and (b) [FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP]** |

I, Tiffany H. Rouhi, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and before the United States District Court for the Central District of California. I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant FIRST IC BANK, erroneously sued as First Intercontinental Bank, herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.     On October 28, 2022, Plaintiff Jee Yeon Seung ("Plaintiff"), by and through her attorney, filed a civil action against First IC Bank erroneously sued as

4889-5590-7393.1



First Intercontinental Bank ("Defendant") in the Superior Court of the State of California for the County of Los Angeles, entitled *Jee Yeon Seung vs. First Intercontinental Bank., et al.*, Case No. 22STCV34548 ("Complaint"). My office obtained a copy of the Complaint, Civil Case Cover Sheet, and Summons from the Los Angeles County Superior Court. A true and correct copy of the Complaint, Civil Case Cover Sheet, and Summons filed on October 28, 2022, by Plaintiff, in this matter are attached as **Exhibit 1.**

3.     On October 28, 2022 the State Court Clerk filed an Alternate Dispute Resolution Packet, First Amended General Order re: Mandatory Electronic Filing Filed by Clerk, Voluntary Efficient Litigation Stipulation Packet, and Notice of Case Assignment - Unlimited Civil Case. My office obtained a copy of the aforementioned documents from the Los Angeles County Superior Court. True and correct copies of these filed documents by the State Court Clerk, on October 28, 2022, in this matter are attached as **Exhibit 2**.

4.     On November 1, 2022, the State Court Clerk filed a Notice of Case Management Conference. My office obtained a copy of the aforementioned document from the Los Angeles County Superior Court. A true and correct copy of the Notice of Case Management Conference filed by the State Court Clerk, on November 1, 2022, in this matter is attached as **Exhibit 3**.

5.     On November 28, 2022, Plaintiff filed a Proof of Service of Summons, which indicated the Summons; Complaint; Alternative Dispute Resolution (ADR) Package; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice Of Case Assignment; First Amended General Order; Voluntary Efficient Litigation Stipulations Packet; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, were served via substitute service on November 9, 2022 and mail service on November 10, 2022.  My office obtained a copy of this Proof of Service from the Los Angeles Superior Court.  A true and correct copy of this document is attached as **Exhibit 4**.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4889-5590-7393.1                                          2
ROUHI DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) and (b) [FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP]

6.      On December 7, 2022, Defendant First IC Bank filed its Answer to the Complaint. A true and correct copy of First IC Bank's Answer is attached as **Exhibit 5**.

7.      To the best of my knowledge, no other defendant(s) have been either named or served in the instant action.

8.      My office will promptly serve a copy of Defendant First IC Bank's Notice of Removal and all supporting papers on Plaintiff's counsel and will also promptly file a copy of the Notice and all supporting papers with the Clerk of the Superior Court for the State of California, County of Los Angeles.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 9th day of December, 2022, at Los Angeles, California.

/s/ Tiffany H. Rouhi
Tiffany H. Rouhi



4889-5590-7393.1

ROUHI DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) and (b) [FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP]

# Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2022 11:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz, Deputy Clerk

Case 2:22-cv-08919-JFW-AS Document 1-3 34 Filed 12/09/22 Page 5 of 68 Page ID #:26

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

YOHAN LEE, ESQ. (SBN 259271)
Law Offices of Yohan Lee
5681 Beach Blvd., Suite 200
Buena Park, CA 90621
Telephone: 714-523-2700
Facsimile: 714-523-7100

Attorney for Plaintiff JEE YEON SEUNG

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JEE YEON SEUNG, an individual | Case No. 22STCV34548 |
| Plaintiff, | **COMPLAINT** |
| vs. | **(1) VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5** |
| FIRST INTERCONTINENTAL BANK, a Georgia Corporation; AND DOES 1 TO 100, INCLUSIVE, | **(2) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY CACI No. 2430** |
| Defendants | **(3) WHISTLEBLOWER RETALIATION IN VIOLATION OF SARBANES-OXLEY ACT 18 USC § 1514A** |
| | **(4) WHISTLEBLOWER RETALIATION IN VIOLATION OF DODD-FRANK ACT OF 2010 -15 USC § 78U-6(h)** |
| | **(5) FAILURE TO PROVIDE OVERTIME PAY CALIFORNIA LABOR CODE SECTION 204** |
| | **(6) FAILURE TO PROVIDE MEAL BREAKS CALIFORNIA LABOR CODE SECTION 226.7** |
| | **(7) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200** |
| | Demand for Jury Trial |

1

**COMPLAINT**

Plaintiff JEE YEON SEUNG against Defendant FIRST INTERCONTINENTAL BANK and Does 1 to 100 alleges as follows:

### PARTIES

1.     Plaintiff JEE YEON SEUNG is an individual residing in the State of California, County of Los Angeles.

2.     Defendant FIRST INTERCONTINENTAL BANK is a business formed in Georgia, with its principal place of business located at 5593 Buford Highway, Doraville, Georgia 30340. Defendant FIRST INTERCONTINENTAL BANK operates a bank ("BANK") located at 3435 Wilshire Boulevard, Suite 100, Los Angeles, California 90010 and is authorized to do business in California.

3.     The true names of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff JEE YEON SEUNG at this time.  Plaintiff JEE YEON SEUNG sues those defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Each of the defendants designated as a DOE is legally responsible for the injuries and damages to Plaintiff JEE YEON SEUNG alleged herein.

4.     On information and belief, any and all of the defendants were an agent of each of the remaining defendants, and in doing the things alleged herein, was acting within the course and scope of such agency, and with the permission and consent of the other co-defendants.

5.     On information and belief, individual defendants are each alter egos of the organizational defendants by way of control, capitalization and/or unity of interest.

### JURISDINTERCONTINENTALTION AND VENUE

6.     Jurisdiction is proper in this Court because the parties are individuals residing in California, all the acts alleged herein occurred in California, and the amount demanded herein exceeds the jurisdictional minimum for an unlimited civil action.

**COMPLAINT**

7.     Venue is proper in this Court because all the parties reside and/or maintain a business in the County of Los Angeles and all events and transactions giving rise to this action took place in the County of Los Angeles.

## GENERAL ALLEGATIONS

8.     On July 14, 2022 10:15 AM, Plaintiff Jee Yeon Seung was asked by Patty Kim to prepare $350,000 in cash, and Plaintiff Jee Yeon Seung prepared the cash and delivered the money by herself to SNJ Express Corporation, located at 1665 E Walnut St Pasadena, CA 91106.

9.     On July 15, 2022, 8:45 AM, Plaintiff Jee Yeon Seung, Patty Kim, Jenny Lee, Miseon Lee, Nan Kyoung Koo held a meeting regarding the issue of a Currency Transaction Report.

10.    Plaintiff Jee Yeon Seung questioned Patty Kim about whose name to use for the Currency Transaction Report when the customer, Harold Kim, did not ever come to the bank.

11.    Patty Kim vehemently insisted that, without a doubt, the customer's name, Harold Kim, should be listed on the Currency Transaction Report, while screaming at plaintiff Jee Yeon Seung "Who else do we list?"

12.    Plaintiff Jee Yeon Seung then asked if she should falsify the Currency Transaction Report, to which Patty Kim again angrily insisted that Harold Kim's name should be listed.

13.    Plaintiff Jee Yeon Seung therefore had no choice but to file the Currency Transaction Report under Harold Kim's name.

14.    On February 12, 2022, Patty Kim contacted Plaintiff Jee Yeon Seung for work related matters on Saturday via messaging platform KakaoTalk, without overtime compensation.

The communications were demanding in nature, and required Plaintiff Jee Yeon Seoung's prompt attention to the matter.

15.    On July 20, 2022, Patty Kim contacted plaintiff Jee Yeon Seung for work related matters at 6:48 AM, again without overtime compensation.

16.    On July 21, 2022, Patty Kim contacted Plaintiff Jee Yeon Seung for work related matters at 11:31 PM, again without overtime compensation.

17.    On August 11, 2022, Defendant First INTERCONTINENTAL Bank terminated Plaintiff Jee Yeon Seung's employment.

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

### (Plaintiff Against All Defendants)

18.    Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

19.    California Labor Code section 1102.5(b) provides, in pertinent part, as follows:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

20.     Defendant FIRST INTERCONTINENTAL BANK targeted plaintiff JEE YEON SEUNG because she identified serious ethical breaches and improprieties regarding Defendant FIRST INTERCONTINENTAL BANK's falsified Currency Transaction Reports.

21.     Defendant FIRST INTERCONTINENTAL BANK considered Plaintiff JEE YEON SEUNG to be a whistleblower.

22.     Defendant FIRST INTERCONTINENTAL BANK retaliated against Plaintiff JEE YEON SEUNG by terminating her employment on August 11, 2022.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLINTERCONTINENTAL POLINTERCONTINENTALY CACI No. 2430

### (Plaintiff Against All Defendants)

23.     Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

24.     An employer-employee relationship existed between Plaintiff JEE YEON SEUNG and Defendant FIRST INTERCONTINENTAL BANK.

25.     Defendant FIRST INTERCONTINENTAL BANK took adverse employment action against Plaintiff JEE YEON SEUNG by terminating her.

26.     A motivating factor for constructively terminating Plaintiff JEE YEON SEUNG was because she identified serious ethical breaches and improprieties regarding Defendant FIRST INTERCONTINENTAL BANK's violations of bank regulations.

27.     Plaintiff JEE YEON SEUNG was terminated after the conflict with Patty Kim regarding the falsified Currency Transaction Report.

28.     Defendant FIRST INTERCONTINENTAL BANK's adverse employment action of terminating Plaintiff JEE YEON SEUNG is a violation of public policy.

29.     Defendant FIRST INTERCONTINENTAL BANK's adverse employment action of terminating Plaintiff JEE YEON SEUNG is a violation of the Fair Employment and Housing Act (FEHA).

30.     Defendant FIRST INTERCONTINENTAL BANK's adverse employment action of terminating Plaintiff JEE YEON SEUNG is the legal cause of her damages.

31.     Defendant FIRST INTERCONTINENTAL BANK's adverse employment action of constructively terminating Plaintiff JEE YEON SEUNG resulted in Plaintiff JEE YEON SEUNG suffering emotional distress.

32.     Defendant FIRST INTERCONTINENTAL BANK and/or its employees/agents authorized, condoned, and ratified the unlawful conduct of the remaining defendants.   The conduct of defendant FIRST INTERCONTINENTAL BANK and/or its employees/agents as described herein was malicious and/or oppressive and done with a willful and conscious disregard for Plaintiff JEE YEON SEUNG's rights.

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOALTION OF THE SARBANES-OXLEY ACT – 18 USC § 1514A**

**(Plaintiff Against All Defendants)**

33.     Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

34.     At all relevant times, Section 806 of the Sarbanes Oxley Act of 2002 was in effect and binding on Defendant FIRST INTERCONTINENTAL BANK. It prohibits employers from discharging, demoting, threatening, harassing or in any manner discriminating or

6

**COMPLAINT**

retaliating against any employee because he or she provided information, caused information to be provided, or assisted in an investigation by the company relating to alleged mail fraud, wire fraud, bank fraud, securities fraud, violations of SEC rules and regulations or violations of federal law relating to fraud against shareholders.

35.     Defendant FIRST INTERCONTINENTAL BANK harassed, threatened, discharged and retaliated against Plaintiff JEE YEON SEUNG and disclosed her identity as a whistleblower, after Plaintiff JEE YEON SEUNG made oral and written complaints regarding what she reasonable believed to be illegal or unlawful conduct in violation of state and federal statutes, rules and regulations. Plaintiff JEE YEON SEUNG made these complaints to her employer, by and through its agents and employees, as well as to the SEC, the OCC and OSHA.

36.     Plaintiff JEE YEON SEUNG is informed and believes, and thereon alleges that because of her making complaints regarding defendant FIRST INTERCONTINENTAL BANK's illegal conduct and/or conduct plaintiff JEE YEON SEUNG reasonably believed to be illegal, plaintiff JEE YEON SEUNG was discharged from her employment and/or otherwise discriminated and retaliated against by Defendant after she had made the aforesaid complaints about illegal conduct.

37.     As a direct and proximate result of defendant FIRST INTERCONTINENTAL BANK's actions, Plaintiff JEE YEON SEUNG has suffered and will continue to suffer pain and mental anguish and emotional distress.

38.     Plaintiff JEE YEON SEUNG has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff JEE YEON SEUNG is entitled to general compensatory damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT OF 2010 -15 USC § 78U-6(h)

### (Plaintiff Against All Defendants)

39.     Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

40.     At all relevant times, Section 78u-6 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank") was in effect and binding on defendant FIRST INTERCONTINENTAL BANK. It prohibits employers from discharging, demoting, suspending, threatening, harassing, directly or indirectly, or in any other manner discriminating against whistleblowers in the terms and conditions of employment because of any lawful act done by the whistleblower in providing information to the SEC, in initiating, testifying in, or assisting in any investigation or judicial or administrative act of the SEC based upon or related to such information, or in making disclosures that are required or protected under SOX, Dodd-Frank, and any other law, rule or regulation subject to the jurisdiction of the SEC.

41.     Plaintiff JEE YEON SEUNG is a whistleblower within the meaning of Dodd-Frank, as evidenced by her conduct.

42.     Defendant FIRST INTERCONTINENTAL BANK harassed, threatened, discharged and retaliated against Plaintiff JEE YEON SEUNG, and took other adverse actions against Plaintiff JEE YEON SEUNG and disclosed her identity as a whistleblower, after Plaintiff JEE YEON SEUNG made oral and written complaints regarding what she reasonable believed to be illegal or unlawful conduct in violation of state and federal statutes, rules and regulations. Plaintiff JEE YEON SEUNG made these complaints to her employer, by and through its agents and employees, as well as to the SEC, the OCC and OSHA.

**COMPLAINT**

43.     As a direct and proximate result of defendant FIRST INTERCONTINENTAL BANK's actions, Plaintiff JEE YEON SEUNG has suffered and will continue to suffer pain and mental anguish and emotional distress.

44.     Plaintiff JEE YEON SEUNG has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff JEE YEON SEUNG is entitled to general compensatory damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE OVERTIME PAY CALIFORNIA LABOR CODE

## SECTION 204

45.     Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

46.     At all relevant times, Plaintiff JEE YEON SEUNG has been entitled to the rights, protections and benefits provided under FLSA, 29 U.S.C. § 201, *et seq.*

47.     During the times where plaintiff JEE YEON SEUNG has worked hours in excess of her regular schedules, she has been entitled to overtime compensation at a rate of one and one-half times her regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. § 207; 29 C.F.R. § 553.230.

48.     Defendant FIRST INTERCONTINENTAL BANK, regularly worked Plaintiff JEE YEON SEUNG well past 8 hours per day without providing proper overtime pay for the excess hours she worked.

49.     Defendant FIRST INTERCONTINENTAL BANK's refusal to provide overtime pay at the proper rate to Plaintiff JEE YEON SEUNG wrongly deprives plaintiff JEE YEON SEUNG of the FLSA overtime compensation that is due to her at all relevant times

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS CALIFORNIA LABOR CODE

## SECTION 226.7

50.     Plaintiff JEE YEON SEUNG incorporates all the above paragraphs into this Cause of Action.

51.     At all relevant times, California Labor Code section 512(a) provides that no employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

52.     During the relevant time period, Plaintiff JEE YEON SEUNG was scheduled to work for a period of time in excess of six (6) hours, and was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

53.     During the relevant time period, Defendant FIRST INTERCONTINENTAL BANK required Plaintiff JEE YEON SEUNG to work during meal periods and failed to compensate her the full meal period premium for work performed during meal periods pursuant to California Labor Code Section 226.7.

54.     Defendant FIRST INTERCONTINENTAL BANK's conduct violates California Labor Code sections 226.7 and 512(a).

55.     Pursuant to California Labor Code section 226.7(b), Plaintiff JEE YEON SEUNG is entitled to recover from Defendant FIRST INTERCONTINENTAL BANK one additional hour of pay at her regular rate of compensation for each workday that the meal period was not provided.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

### (against all Defendants and DOES 1 through 100)

56.     Plaintiff JEE YEON SEUNG incorporates all previous allegations of this Complaint.

57.     The acts and practices by Defendants, as alleged herein, constitute acts of unfair competition and are in violation of California Business & Professions Code §17200.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEE YEON SEUNG prays for relief as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For pre- and post-judgment according to proof;

3.     For costs of suit incurred herein;

4.     For attorneys' fees;

5.     For punitive damages in an amount according to proof;

6.     For damages and fees pursuant to California Code of Civil Procedure section 1021.5;

7.     For an award of one and one-half the rate of pay at Plaintiff JEE YEON SEUNG's regular rate of compensation for each overtime hour for which proper compensation was not provided;

8.     For an award of one (1) hour of pay at Plaintiff JEE YEON SEUNG's regular rate of compensation for each workday that a meal period was not provided;

9.     For premium wages pursuant to California Labor Code section 226.7;

10.     For statutory penalties pursuant to the California Labor Code for violations of California Labor Code section 226.7;

11.     For civil penalties pursuant to the California Labor Code for violations of California Labor Code section 226.7;

12.     For interest as provided by law; and

13.     For all other relief as this Court may deem just and appropriate.


DATED:          October 26, 2022                 LAW OFFICE OF YOHAN LEE


                                                 By _____
                                                    Yohan Lee, Esq.
                                                    Attorney for Plaintiff

**COMPLAINT**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2022 11:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz, Deputy Clerk

Case 2:22-cv-08919-JFW-AS   Document 21-3   Filed 12/09/22   Page 17 of 68   Page ID #:38

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| YOHAN LEE, ESQ. (SBN 259271)<br>Law Offices of Yohan Lee, 5681 Beach Blvd., Suite 200, Buena Park, CA 90621<br><br>TELEPHONE NO.: 714-523-2700    FAX NO. *(Optional):* 714-523-7100<br>E-MAIL ADDRESS: yohanleelaw@gmail.com<br>ATTORNEY FOR *(Name):* JEE YEON SEUNG | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
JEE YEON SEUNG v. FIRST INTERCONTINENTAL BANK, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | 22STCV34548 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 10/19/2022

Yohan Lee
_____
(TYPE OR PRINT NAME)   ►   _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Seung vs. First Intercontinental Bank | 22STCV34548 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Seung vs. First Intercontinental Bank | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☑ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Seung vs. First Intercontinental Bank | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Seung vs. First Intercontinental Bank | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Seung vs. First Intercontinental Bank | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☑ 2. ☑ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS: 3435 Wilshire Boulevard, Suite 100 |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90010 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _10/26/2022_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRST INTERCONTINENTAL BANK, a Georgia Bank; AND Does 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEE YEON SEUNG, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* 22STCV34548 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yohan Lee, 5681 Beach Blvd, Suite 200, Buena Park, CA 90621, 714-523-2700

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 10/28/2022 | Clerk, by | S. Ruiz | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: FIRST INTERCONTINENTAL BANK

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

# Exhibit 2



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING       )
FOR CIVIL                            )
                                     )
                                     )
                                     )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7       and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8       Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019              KEVIN C. BRAZILE

11                                                        Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-

              (INSERT DATE)                                          (INSERT DATE)

complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *_www.lacourt.org_* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR PLAINTIFF)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR DEFENDANT)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR DEFENDANT)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR DEFENDANT)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR _____)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR _____)

_____
             (TYPE OR PRINT NAME)

Date:

      ➤  _____
             (ATTORNEY FOR _____)

_____
             (TYPE OR PRINT NAME)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   _____(ATTORNEY FOR PLAINTIFF)_____

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   _____(ATTORNEY FOR DEFENDANT)_____

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   _____(ATTORNEY FOR DEFENDANT)_____

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   _____(ATTORNEY FOR DEFENDANT)_____

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   (ATTORNEY FOR _____)

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   (ATTORNEY FOR _____)

Date: _____

&#10148; _____
_____(TYPE OR PRINT NAME)_____   (ATTORNEY FOR _____)

[ Print ]    [ Save ]                                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference

   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re )
Use of Voluntary Efficient Litigation )
Stipulations )
                      )
                      )
_____ )

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/28/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV34548 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  10/28/2022
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Ruiz_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Exhibit 3

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Jee Yeon Seung

DEFENDANT:
FIRST INTERCONTINENTAL BANK

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

11/01/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____C. Lam_____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22STCV34548

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/19/2023 | Time: 8:30 AM | Dept.: 19 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __11/01/2022__

_____Stephanie M. Bowick / Judge_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Yohan Lee
5681 Beach Blvd.,
Suite 200
Buena Park, CA 90621

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __11/01/2022__

By __C. Lam__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# Exhibit 4

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2022 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Gigg, Deputy Clerk

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Yohan Lee \| SBN: 259271<br>Law Offices of Yohan Lee<br>5681 Beach Blvd., Suite 200   Buena Park, CA 90621<br><br>TELEPHONE NO.: (714) 523-2700 \| FAX NO. (714) 523-7100 \| E-MAIL ADDRESS *(Optional):* ylee@yleelaw.com;tkim@yleelaw.com;hykim@yleelaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: Jee Yeon Seung | **FOR COURT USE ONLY** |

**Los Angeles County Superior Court**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse - Central

| | |
|---|---|
| PLAINTIFF:  Jee Yeon Seung | **CASE NUMBER:**<br>22STCV34548 |
| DEFENDANT:  First Intercontinental Bank | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Seung vs. First Intercontinental |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice Of Case Assignment; First Amended General Order; Voluntary Efficient Litigation Stipulations Packet; Order Pursuant to CCP 1054(a), Exending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation**

3. a.  Party served *(specify name of party as shown on documents served):*
   **First Intercontinental Bank, a Georgia corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Patty Kim - Agent for Service**

4. Address where the party was served:  **3345 Wilshire Blvd Ste 100**
   **Los Angeles, CA 90010-1902**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☑ **by substituted service.**  On *(date):* **11/9/2022** at  *(time):* **3:12 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Jennie Lee - Employee- Person Apparently in Charge**
      **Age: 51-55**          **Weight: 121-140 Lbs**   **Hair: Black**        **Sex: Female**
      **Height: 5'1 - 5'6**      **Eyes:**                    **Race: Asian**

      (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*  from *(city):*                        **or** ☑ a declaration of mailing is attached.

      (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/345255A** |

PETITIONER: Jee Yeon Seung

RESPONDENT: First Intercontinental Bank

CASE NUMBER: 22STCV34548

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **First Intercontinental Bank, a Georgia Corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**

a. Name: **V. ENRIQUE MENDEZ - DDS Legal Support**

b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**

c. Telephone number: **(714) 662-5555**

d. **The fee** for service was: **$ 71.67**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner    ☐ employee    ☑ independent contractor.

        (ii) Registration No.: **3428**

        (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **11/14/2022**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

▶

**V. ENRIQUE MENDEZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Yohan Lee, SBN: 259271<br>Law Offices of Yohan Lee<br>5681 Beach Blvd., Suite 200<br>Buena Park, CA 90621<br><br>*TELEPHONE No.:* (714) 523-2700<br><br>*Attorney for:* Plaintiff Jee Yeon Seung | *FOR COURT USE ONLY* |

*E-MAIL ADDRESS (Optional):* ylee@yleelaw.com;tkim@yleelaw.com;hykim@yleelaw.com
*FAX No. (Optional):* (714) 523-7100

*Ref No. or File No.:*
Seung vs. First Intercontinental

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court - Stanley Mosk Courthouse - Central

*Plaintiff:* Jee Yeon Seung

*Defendant:* First Intercontinental Bank

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.:<br>19 | CASE NUMBER:<br>22STCV34548 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice Of Case Assignment; First Amended General Order; Voluntary Efficient Litigation Stipulations Packet; Order Pursuant to CCP 1054(a), Exending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as  follows:

    a. Date of Mailing:                    November 10, 2022
    b. Place of Mailing:                  Costa Mesa, CA
    c. Addressed as follows:          First Intercontinental Bank, a Georgia corporation
                                   ATTENTION: Patty Kim - Agent for Service
                                   3345 Wilshire Blvd Ste 100
                                   Los Angeles, CA 90010-1902

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of  business.

Fee for Service: $ 71.67

**DDS**³

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Seung vs. First Intercontinental**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **November 14, 2022**.

Signature: _____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 345255A/mailproof

# Exhibit 5

Electronically FILED by Superior Court of California, County of Los Angeles on 12/07/2022 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

1 **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
2   E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
3   E-Mail: John.Haubrich@lewisbrisbois.com
TIFFANY H. ROUHI, SB# 315948
4   E-Mail: Tiffany.Rouhi@lewisbrisbois.com
633 West 5th Street, Suite 4000
5 Los Angeles, California 90071
Telephone: 213.250.1800
6 Facsimile: 213.250.7900

7 Attorneys for Defendant,
First IC Bank erroneously sued as First
8 Intercontinental Bank

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 | JEE YEON SEUNG, an individual,          Case No. 22STCV34548

13              Plaintiff,                   Assigned for All Purposes to:
                                             Hon. Stephanie Bowick , Dept. 19
14        vs.
                                             **DEFENDANT FIRST IC BANK'S**
15 FIRST INTERCONTINENTAL BANK, a            **ANSWER TO PLAINTIFF'S**
Georgia Corporation; and DOES 1 to 100,     **UNVERIFIED COMPLAINT**
16 inclusive,

17              Defendant.                   Action Filed:      10/28/22
                                             Trial Date:        None Set
18

19        Defendant First IC Bank (hereinafter "Defendant") hereby responds to the unverified

20 Complaint of Plaintiff JEE YEON SEUNG ("Plaintiff") as follows:

21                         **GENERAL DENIAL**

22        1.      Pursuant to California Code of Civil Procedure section 431.30, Defendant denies

23 each, every and all of the allegations of said Complaint, and the whole thereof, and denies that

24 Plaintiff sustained damages in the sums alleged, or in any other sum or at all.

25        2.      Defendant further denies Plaintiff suffered injury, damage or loss, if any, by reason

26 of any act or omission on the part of Defendant, or any of its past or present agents, representatives

27 or employees.

28        3.      Defendant has not completed its investigation of the facts of this case, has not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-6730-3744.1
DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  completed discovery in this matter and has not completed its preparation for trial. The defenses

2  stated herein are based on Defendant's knowledge, information and belief at this time. Defendant

3  specifically reserve the right to modify, amend or supplement any defense contained herein at any

4  time. Without conceding that it bears the burden of proof or persuasion, Defendant asserts the

5  following separate affirmative defenses to the Complaint.

6  ### AFFIRMATIVE DEFENSES

7  ### FIRST AFFIRMATIVE DEFENSE

8  **(Failure to State a Cause of Action)**

9  4.      Neither the Complaint nor any purported cause of action alleged therein states a claim

10  upon which relief can be granted.

11  ### SECOND AFFIRMATIVE DEFENSE

12  **(Failure to Plead with Certainty and Particularity)**

13  5.      The allegations in the Complaint and each and every purported cause of action

14  therein are not pled with sufficient particularity and are uncertain, vague, ambiguous and

15  unintelligible.

16  ### THIRD AFFIRMATIVE DEFENSE

17  **(Statute of Limitations)**

18  6.      Plaintiff's claims are barred in whole or in part to the extent the events complained

19  of took place more than one (1) year prior to the filing of Plaintiff's Complaint with the California

20  Department of Fair Employment and Housing, and one (1) year prior to the filing of the Complaint,

21  and thus Plaintiff's claims are barred by *Government Code* section 12965(b).  Plaintiff's claims are

22  further barred by the statute of limitations contained in *Code of Civil Procedure* sections 335.1, 338,

23  339, 340, 343, *Labor Code* section 132(a), and/or any other applicable statute.

24  ### FOURTH AFFIRMATIVE DEFENSE

25  **(Plaintiff Did Not Exhaust Internal Grievance Procedures)**

26  7.      Defendant asserts, without admitting to any of the allegations contained in the

27  Complaint, that Plaintiff failed to utilize or exhaust, in good faith, reasonable internal grievance

28  procedures, thus failing to avoid the consequences of any alleged unlawful act.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### FIFTH AFFIRMATIVE DEFENSE

#### (No Ratification)

8.    Defendant has not taken any action with a conscious disregard of Plaintiff's rights, and has not engaged in any conduct with respect to Plaintiff that would constitute oppression, fraud or malice, nor has Defendant ratified or approved any such act or acts of others.

### SIXTH AFFIRMATIVE DEFENSE

#### (Good Faith Dispute)

9.    Plaintiff's claims for penalties under the California Labor Code and/or under other applicable California law are barred as Plaintiff failed to plead sufficient facts to support a claim for an award of penalties against Defendant and because there existed and continue to exist a good-faith dispute on whether Defendant owes any monies to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Vague, Uncertain and Speculative Damages)

10.    Plaintiff is precluded from recovering the damages alleged in the Complaint because the damages are too vague, uncertain and speculative to permit recovery.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Punitive Damages)

11.    Defendant cannot be held liable for punitive damages because Plaintiff failed to state facts sufficient to show that Defendant was guilty of malice, oppression or fraud.

### NINTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

12.    Although Defendant denies that they committed or have responsibility for any act that could support the recovery of punitive damages alleged in Plaintiff's Complaint, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under the due process clause.

### TENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

13.    Plaintiff's Complaint is limited or subject to an absolute bar as to recoverable



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-6730-3744.1

3

DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1 | damages based on after-acquired evidence Defendant has presently and/or may acquire during the
2 | course of this litigation.

3 | **ELEVENTH AFFIRMATIVE DEFENSE**

4 | (**No Severe Emotional Distress**)

5 | 14.    Plaintiff did not sustain severe emotional distress as a result of any act or omission
6 | attributable to Defendant.

7 | **TWELFTH AFFIRMATIVE DEFENSE**

8 | (**Pre-Existing Physical or Mental Condition**)

9 | 15.    Plaintiff is not entitled to recover damages to the extent that any purported physical
10 | or emotional distress damages allegedly suffered by Plaintiff was caused by any pre-existing
11 | physical or mental condition(s).

12 | **THIRTEENTH AFFIRMATIVE DEFENSE**

13 | (**Failure to Mitigate**)

14 | 16.    Defendant alleges that Plaintiff has failed to mitigate damages, if any, and that said
15 | failure to mitigate has proximately caused or contributed to the matters complained of and the
16 | damages alleged in the Complaint, if any.  Therefore, the amount of damages to which Plaintiff is
17 | entitled, if any, should be reduced by the amount of damages that would have otherwise been
18 | mitigated.

19 | **FOURTEENTH AFFIRMATIVE DEFENSE**

20 | (**No Actual Damages**)

21 | 17.    Plaintiff has failed to meet her burden inasmuch as he has not proven actual damages.

22 | **FIFTEENTH AFFIRMATIVE DEFENSE**

23 | (**No Prejudgment Interest**)

24 | 18.    Defendant is informed and believes and based thereon allege that Plaintiff's claim
25 | for prejudgment interest pursuant to California Civil Code section 3287 is barred because Plaintiff
26 | sustained no damages.

27 |
28 |



## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

19.     Defendant is informed and believes and thereon allege that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant is  barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable and good faith belief in the facts as known and understood at the time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

20.     Plaintiff's claims as set forth in the Complaint are barred by the equitable doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.     Defendant is informed and believes and thereon allege that Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.  Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of unclean hands at the time of trial.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

22.     Defendant is informed and believes and thereon allege that Plaintiff is estopped by her own conduct from asserting any and all claims he may have against Defendant arising from the transactions and occurrences set forth in the Complaint.  Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of estoppel at the time of trial.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Business Justification)

23.     Defendant's activities undertaken with respect to Plaintiff was justified as such



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | activities were proper, fair and legitimate business activities and/or due to business-related reasons

2 | that were not arbitrary, capricious or unlawful.

### TWENTY-ONE AFFIRMATIVE DEFENSE

### (No Regular Business Practice)

24.    Plaintiff's Complaint fails to establish a regular business practice or unlawful pattern of conduct by Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Wages Owed)

25.    Defendant is informed and believes and based thereon allege that Plaintiff's claims for unpaid wages are barred because Defendant timely paid all wages owed to her.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (All Wages Received)

26.    Plaintiff's Complaint and each alleged cause of action is barred, in whole or in part, because Plaintiff has received all income and wages to which he has ever been entitled.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Meal Periods Were Provided)

27.    Pursuant to the California Labor Code and applicable Industrial Welfare Commission Wage Order, Defendant "provided" Plaintiff with required meal periods.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver of Meal Periods)

28.    Defendant is informed and believes and based thereon allege that Plaintiff's claim for failure to provide meal periods is barred, in whole or in part, because Plaintiff waived her rights to some or all of the meal periods implicated in the Complaint by voluntarily choosing not to take part in all the meal periods that were provided as required by law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees for Meal Break Violations)

31.    Pursuant to *Kirby v. Imoos Fire Protection*, 53 Cal.4th 1244 (2012), Plaintiff is not entitled to recover attorneys' fees on her cause of action for violation of California Labor Code

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-6730-3744.1                                      6
DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

section 226.7.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

34.     Plaintiff has a duty to use such means as are reasonable under the circumstances to avoid or mitigate alleged damages that result from statutory violations, if any.  To the extent there was any statutory violation (which is not admitted, but considered solely for purpose of this affirmative defense), Plaintiff unreasonably failed to avoid or reduce harm. This includes an obligation that if Plaintiff felt he was not paid wages and/or not provided with accurate wage statements and/or was not provided with meal periods and/or was not permitted rest breaks and/or was not paid meal or rest break premiums for non-compliant meal and rest breaks and/or was not reimbursed for business expenses and/or was not paid wages timely during employment and/or was not paid wages timely upon separation of employment, Plaintiff had an obligation to utilize Defendant's internal complaint procedures and timely bring that to the attention of Defendant's management and supervisors so that if there was any violation, it would be promptly corrected and remedied and would not be allowed to repeat and recur.  Plaintiff is therefore barred from any recovery based on any harm that could have been reasonably avoided.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Faragher/Ellerth Defense)

35.     Defendant alleges that it is entitled to all applicable defenses as set forth by the United States Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998), including, but not limited to, Defendant maintained a comprehensive policy to ensure payment of all wages; Defendant followed the procedures set forth in that policy; and Plaintiff did not avail herself to any or all of the procedures set forth in that policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Defendant's Practices Were Not Deceptive or Unfair)

36.     Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's claims are barred in that the alleged practices did not occur and are not unfair and, in any event, the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-6730-3744.1

7

DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   public would not likely be deceived by the alleged practices, that Defendant would gain no

2   competitive advantage by such alleged practices and the benefits of the alleged practices outweigh

3   any harm or other impact they have caused.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Violation of Business and Professions Code Section 17200)

6   37.     Defendant did not engage in unfair or deceptive acts or practices or unfair methods

7   of competition or unfair business practices.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

10   38.     Defendant is informed and believes and thereon allege that all causes of action within

11   the Complaint are barred because Plaintiff failed to satisfy the statutory prerequisites to sue and to

12   exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"),

13   Government Code section 12940 *et seq.* or the Equal Employment Opportunity Commission

14   ("EEOC"), 42 U.S.C. section 2000e *et seq.* (Title VII of the Civil Rights Act of 1964 ["Title VII"]),

15   and/or any other applicable administrative remedy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Business Necessity)

18   39.     Defendant is informed and believes and thereon allege that their actions, if any, were

19   required by business necessity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Lack of Pretext)

22   40.     Defendant is informed and believes and thereon allege that Plaintiff cannot establish

23   that Defendant articulated reason for her separation of employment with Defendant was a pretext

24   for unlawful discrimination, retaliation, and/or violation of public policy.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (No Public Policy Violation)

27   41.     Defendant believes and thereon alleges that the public policies cited by Plaintiff in

28   the Complaint cannot serve as the foundation for a claim of wrongful discharge in violation of public

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

policy to the extent that Plaintiff never complained regarding Defendant's alleged violations or noncompliance with city, state, or federal regulations, and Defendant never retaliated against Plaintiff based on any complaints of noncompliance.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Retaliatory Actions)

42.     Plaintiff is barred from any recovery in this action because all of Defendant's actions toward Plaintiff were taken for legitimate and non-retaliatory reasons.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Mixed-Motive )

43.     Plaintiff is precluded from recovery of reinstatement, back pay, or damages because of the mixed motive doctrine.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232.) Plaintiff's causes of action are barred in whole or in part because, because, even if Defendant's actions were motivated in part by an unlawful reason, such as discrimination or retaliation, which Defendant denies, Defendant would have taken the same action against Plaintiff regardless of any alleged unlawful reason, and the unlawful reason was not a substantial factor.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Malice, Fraud, Oppression)

44.     Defendant is informed and believes and thereon allege that their actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious and Plaintiff's claims are not authorized pursuant to California Civil Code section 3294.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

45.     Defendant maintains that Plaintiff's Complaint is barred, in whole or in part, because its' conduct was privileged as an exercise of its legal right to terminate at-will employees.

/ / /

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Good Cause for Termination)

46.     If Plaintiff's employment was terminated, it was for good cause and sufficient non-discriminatory and non-retaliatory reasons.  Accordingly, Plaintiff is barred from any recovery in this action.

### FORTIETH AFFIRMATIVE DEFENSE

### (Maintenance of Policies Against Retaliation)

47.     Defendant alleges that it maintained and enforced strict policies against retaliation during the time in which Plaintiff alleges retaliation.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Retaliation)

48.     Plaintiff is precluded from recovery of reinstatement, back pay or damages because Defendant did not authorize, direct, or participate in any alleged retaliatory conduct against Plaintiff on any protected basis.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation)

49.     Defendant alleges that Plaintiff is barred from seeking any damages for purported physical, mental, or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Overtime Wages Owed)

50.     Defendant is informed and believes and thereon allege that Plaintiff's claims for unpaid overtime are barred because Defendant timely paid all wages owed to her.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

51.     The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff signed a legally valid agreement to arbitrate any



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

10

1  dispute, claim or controversy arising out of her employment.

2  **FORTY-FIFTH AFFIRMATIVE DEFENSE**

3  **(Unknown Defenses)**

4      52.    Defendant is informed and believes and based thereon allege that they may have

5  other separate and/or additional defenses of which it is not presently aware, and hereby reserve the

6  right to assert them by amendment to this Answer as discovery continues.

7  **PRAYER FOR RELIEF**

8      **WHEREFORE**, Defendant prays for judgment as follows:

9      1.    That Plaintiff take nothing by way of her Complaint;

10      2.    That the Complaint and each claim be dismissed in its entirety with prejudice;

11      3.    That Plaintiff is denied each and every Complaint and prayer for relief contained in

12      the Complaint;

13      4.    That Defendant is awarded costs and reasonable attorneys' fees that it has incurred

14      in defending this lawsuit as permitted by statute or otherwise allowed by law; and

15      5.    That Defendant is granted such other and further relief as the Court deems just

16      and proper.

17

18  Dated:  December 7, 2022            LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                        By:    _____

21                           John L. Barber

22                           John Haubrich, Jr.

23                           Tiffany H. Rouhi
                         Attorneys for Defendant, First IC Bank

24                           erroneously sued as First Intercontinental Bank

25

26

27

28



DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**CALIFORNIA STATE COURT PROOF OF SERVICE**
*Jee Yeon Seung v. First Intercontinental Bank, et al.*
Los Angeles Superior Court - Central District Case No.: 22STCV34548
Assigned for All Purposes to the Hon. Stephanie M. Bowick - Department 19
Client/Matter: 32571-2769

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On **December 7, 2022**, I served true copies of the following document **DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**  on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Yohan Lee, Esq.                                    Attorney for Plaintiff,
LAW OFFICES OF YOHAN LEE                Jee Yeon Seung
5681 Beach Boulevard, Suite 200
Buena Park, California 90621
Phone:  (714) 523-2700
Fax:     (714) 523-7100
E-Mail:  ylee@yleelaw.com

**BY ELECTRONIC TRANSMISSION ONLY**

Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **December 7, 2022**, at Los Angeles, California.

_____
Norma Chanes

DEFENDANT FIRST IC BANK'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Stanley Mosk Courthouse<br>**Mailing Address:** 111 North Hill Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
| **SHORT TITLE:** JEE YEON SEUNG vs FIRST INTERCONTINENTAL BANK | **CASE NUMBER:**<br>22STCV34548 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 6747679_2022_12_07_12_10_30_209_6
Submission Number: 22LA01549856
Court Received Date: 12/07/2022
Court Received Time: 12:14 pm
Case Number: 22STCV34548
Case Title: JEE YEON SEUNG vs FIRST INTERCONTINENTAL BANK
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Wrongful Termination
Jurisdictional Amount: Over $25,000
Notice Generated Date: 12/07/2022
Notice Generated Time: 1:59 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859